**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YONELL ALLUMS,** | : | **CIVIL ACTION NO. 1:26-CV-1005** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FPC-SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Yonell Allums, argues that the United States Bureau of Prisons ("BOP") is not accurately projecting his potential future credits under the First Step Act ("FSA"). The petition will be dismissed without prejudice for lack of jurisdiction because it does not present a live case or controversy under Article III of the United States Constitution.

## I. Factual Background & Procedural History

This is the third case this court has recently handled in which Allums has asserted habeas corpus claims arising from the FSA. In the first case, filed on June 11, 2025, the court dismissed the petition without prejudice for failure to exhaust administrative remedies on September 22, 2025. Allums v. Warden of FCI-Schuylkill, No. 1:25-CV-2050, 2025 WL 2699098 (M.D. Pa. Sept. 22, 2025) (Neary, J.). In the second case, filed on December 1, 2025, the court construed the petition as seeking to have Allums's FSA credits applied towards an earlier transfer to prerelease custody. Allums v. Warden of FCI-Schuylkill, No. 1:25-CV-2283, 2026

WL 783681 (M.D. Pa. Mar. 19, 2026) (Neary, J.). The court found that even if Allums was correct that his FSA credits should be applied towards time in prerelease custody, "this would result in his release in early 2030, approximately four years from the present date." Id. Because the petition therefore sought transfer to prerelease custody years before he was eligible for such relief, the court found the petition unripe and dismissed it without prejudice. Id.

Allums filed the instant case on April 20, 2026. (Doc. 1). His petition again seeks relief based on the BOP's purported failure to properly apply the FSA to his sentence. (Doc. 1). Respondent responded to the petition on May 18, 2026, arguing that it should be dismissed as unripe for the same reason the court dismissed Allums's second petition on this issue. (Doc. 5).

Allums filed a reply brief on June 9, 2026, arguing that both respondent and the court in its ruling in his previous case misunderstood his request for habeas corpus relief. (Doc. 6). Allums clarifies that he is not seeking to have FSA credits applied to his sentence, but rather contending "that those already-earned credits must be applied towards prerelease custody calculations under 18 U.S.C. § 3632(d)(4)(C)." (Id. at 1). The petition, according to Allums, "seeks clarification and judicial review regarding the Bureau's calculation methodology, not immediate release." (Id. at 2). Allums further states that "this dispute has nothing to do with Yonell Allums's projected statutory release date of 2032." (Id. at 4).

Allums filed a supplement to his reply brief on September 8, 2026, in which he further clarifies the nature of his claims. (Doc. 7). According to the supplement,

the BOP gave Allums an up-to-date FSA credit assessment on July 22, 2026, which counts 985 days of earned FSA credits towards his placement in prerelease custody and lists 1,390 days of FSA conditional placement days. (Id. at 1). Allums contends that, assuming the 985 already-earned days are counted towards the 1,390 days of conditional placement days, "simple arithmetic reveals a significant unexplained discrepancy" because 1,390 minus 985 results in "only 405 additional" days of credit, despite the fact that he would have years to earn additional credits. (Id. at 2). Allums therefore asks, "What statutory, regulatory, or BOP policy provision causes Allums's projected FTC placement calculation to stop at 1,390 days, when 985 of those days have already been earned and Allums remains capable of earning additional FTCs during the remaining qualifying period?" (Id.) Allums thus clarifies his claim as seeking an answer as to "why [the] BOP project[s] only an additional 405 conditional placement days?" (Id. at 3).

## II. Discussion

In light of Allums's clarification in his reply brief and supplement, his petition is plainly subject to dismissal because it does not present a live case or controversy. Allums seeks habeas relief not to alter his actual release date, but rather simply to alter the *projection* of FSA time credits that he could earn in the future. This claim seeking habeas corpus relief based on hypothetical FSA credits that might be earned in the future is plainly not cognizable. Habeas corpus relief is only available to apply FSA credits that have actually been earned to a sentence, not to "correct purported errors in non-final estimates of [the petitioner's] future

eligibility" for FSA credits. Sessum v. Sage, No. 3:24-CV-1997, 2026 WL 92187, at *2 (M.D. Pa. Jan. 13, 2026). A claim based solely on the projection of how many FSA credits a petitioner might earn in the future is dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all," and is therefore not a ripe case or controversy under Article III of the Constitution. See Trump v. New York, 592 U.S. 125, 131 (2020) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)).

## III. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for lack of jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 16, 2026